IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiffs | : | Civil Case |
| | : | |
| v. | : | |
| | : | |
| DANIEL L. ALLGYER, doing | : | No. 11-02651 |
| Business as RAINBOW ACRES FARM | : | |
| Defendant | : | |

## MEMORANDUM

**Stengel, J.**                                                                                             July 28, 2011

Daniel L. Allgyer, a Lancaster County farmer, sells raw milk and raw milk products. The United States of America, specifically the Food and Drug Administration, seeks a permanent injunction preventing Daniel L. Allgyer from selling unpasteurized milk or milk products in interstate commerce and from introducing into interstate commerce food that is misbranded. Aajonus Vonderplanitz, an advocate of raw milk, seeks to intervene in this case on behalf of the Right to Choose Healthy Food (a "not-for-profit organization"), Rainbow Acres Farm (Mr. Allgyer's Farm), the GrassFed Club (a "private citizen's club"), as well as other like-minded, and similarly gastronomically-inclined, individuals. Mr. Vonderplanitz is acting pro se, and purports to represent his interests and the legal interests of other entities and individuals. I will deny his motion for intervention.

I.     Background

On April 19, 2011, the United States of America filed a complaint for permanent injunction against Daniel J. Allgyer, an individual doing business as Rainbow Acres

Farm.  The United States alleges Mr. Allgyer violated the Public Health Service Act, 42 U.S.C. § 264 and 271, and the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 332(a), because he engaged in conduct that endangered public health and safety by distributing raw, unpasteurized milk in interstate commerce.   The United States seeks a permanent injunction preventing Mr. Allgyer from selling unpasteurized milk and milk products in interstate commerce and from introducing into interstate commerce food that is misbranded pursuant to the FDCA.

On May 24, 2011, Aajonus Vonderplanitz filed a pro se "Answer and Cross-Complaint in Intervention" on behalf of the Right to Choose Healthy Food, Rainbow Acres Farm,[1] the GrassFed Club, himself and other persons.  On June 1, 2011, the Clerk of Court was ordered to file the document as a "motion for intervention."  Mr. Vonderplanitz is acting pro se, but wants to represent the legal interests of other entities and individuals.  Both the Government and Mr. Allgyer have filed responses opposing the motion for intervention.  Mr. Vonderplanitz filed a reply to the Government's response.

II.     Discussion

Both the United States and Mr. Allgyer oppose Mr. Vonderplanitz's motion for intervention.  I will deny the motion.  Mr. Vonderplanitz is not an attorney and cannot represent others in federal court, he does not satisfy the standard for mandatory intervention, and permissive intervention would cause delay in the proceedings.

---

[1] In his reply, Mr. Vonderplanitz discontinued the participation of Rainbow Acres Farms.

A.      Requirement of Representation by an Attorney

Although an individual may represent himself pro se, "he is not entitled to act as an attorney for others in a federal court." Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991); accord Waksmunski ex rel. Korbe v. Mitchell, 2009 WL 499455, at *2 (W.D. Pa. Feb. 27, 2009) (citing Lutz, 809 F. Supp. at 325); Williams v. USP-Lewisburg, 2009 WL 4921316, at *2 (M.D. Pa. Dec. 11, 2009) (internal citation omitted).[2]

The policy reasons cited for the requirement of representation by counsel include the "strong state interest in regulating the practice of law," "the importance of the rights at issue during litigation and the final nature of any adjudication on the merits." Colinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir. 1998), abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007). "Requiring a minimum level of competence protects not only the party that is being represented but also his or her adversaries and the court from poorly drafted, inarticulate, or vexatious claims." Collinsgru, 161 F.3d at 231. In addition, unlike a lay person, a licensed attorney is "subject to ethical responsibilities and obligations." Id.

Moreover, an unincorporated association must be represented by an attorney; it cannot be represented by a lay person. Duffy v. Kent Cnty. Levy Court, 2011 WL 2148672, at *5 (D. Del. May 31, 2011) (noting the party could represent himself, but could not act as an attorney for an association or corporation (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993)); In re Chojecki, 2000 WL 679000, at *2 (E.D.

---

[2] See also 28 U.S.C. § 1654 (providing that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

Pa. May 22, 2000) (noting the non-attorney party could represent himself but could not act as an attorney for other individuals or for a corporation).

Mr. Vonderplanitz maintains the individuals and associations contracted with him to represent them, have been unable to find or afford counsel, and many have had "negative experiences" with attorneys. Moreover, the GrassFed Club members would like to remain anonymous because they fear government retribution. The requirement that a person can be represented only by a licensed attorney or can represent himself, however, cannot be altered because of a contract with a lay person, because of an inability to find an attorney, because of a dislike of attorneys, or because some proposed interveners would like to remain anonymous.

B.   Intervention

Mr. Vonderplanitz certainly can represent himself. However, his ability to intervene is governed by the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 24(a) provides the requirements for intervention as of right and states:

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Mr. Vonderplanitz does not have "an unconditional right to intervene" provided by a federal statute as required by Rule 24(a)(1). To determine whether an applicant may intervene as of right under Rule 24(a)(2), there is a four-part test. "[A] person is entitled

4

to intervene if (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir. 1987). Each factor must be satisfied. Id.

"[T]o have an interest sufficient to intervene as of right, 'the interest must be a legal interest as distinguished from interests of a general and indefinite character.'" Harris, 820 F.2d at 601 (quoting United States v. Am. Tel. and Tel. Co., 642 F.2d 1285, 1292 (D.C. Cir. 1980)). An applicant for intervention "must do more than show that his or her interests may be affected in some incidental manner." Id. "[T]he applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." Id.

Mr. Vonderplanitz's claims of an interest in the case are sweeping, generalized, and grandiose. He believes if the FDA prevails in this lawsuit, the people he is attempting to represent would be deprived of food from their animals and deprived of "nourishment, life, liberty and better health."[3] This interest is not a legally cognizable interest sufficient to establish intervention under Rule 24(a)(2). Moreover, the stated interest does not appear to relate to Mr. Vonderplanitz as an individual. Rather, the stated interest arises from his association with the Right to Choose Healthy Food and the

---

[3] Mr. Vonderplanitz argues that, pursuant to a contract signed by Mr. Allgyer, members of the GrassFed Club and members of the Right to Choose Healthy Food, the animals were owned by the members of the GrassFed Club and members of the Right to Choose Healthy Food. Mr. Allgyer was a farmer who maintained the animals for the owners.

GrassFed Club.  Certainly, the interest Mr. Vonderplanitz asserts can adequately be represented by Mr. Allgyer.

Federal Rule of Civil Procedure 24(b) provides the requirements for permissive intervention and states:

> (1) . . . On timely motion, the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> . . .
>
> (3) . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

A court has discretion as to whether to grant permissive intervention.

Mr. Vonderplanitz's intervention would serve to delay the action by including issues tangential to whether Mr. Allgyer can legally sell raw milk.  See Alexander v. Rendell, 246 F.R.D. 220, 238 (W.D. Pa. 2007) (denying permissive interventions where the issues are unrelated and would confuse, delay, and prejudice the plaintiffs' rights); Sch. Dist. of Phila. v. Pa. Milk Mktg. Bd., 160 F.R.D. 66, 69 (E.D. Pa. 1995) (denying permissive intervention where the issues raised by the interveners were only tangentially related to the case because it would delay the action).  The tangential issues raised in his motion include:  whether raw milk is a health risk to the public and whether raw milk has caused epidemics;[4] whether Mr. Vonderplanitz and the entities he attempted to represent

---

[4] Answer and Cross-Complaint in Intervention at 3, United States v. Allgyer, No. 11-2651 (E.D. Pa. filed May 24, 2011) [hereinafter "Motion for Intervention"].

were within the jurisdiction of the United States, see Motion for Intervention at 7;[5] whether pasteurized milk is dangerous and whether pasteurized milk has caused epidemics, id. at 8; whether FDA investigators committed perjury and fraud by stating the raw milk was sold even though they were aware of the contracts which provided the members owned the dairy, id. at 16-17; and whether the Government should be enjoined from "continuing to propagandize the myth, unscientific rhetoric, that claims and declares that raw . . . milk and dairy are dangerous to health and life . . . [,]" id. at 22.  The main issue in this case is whether Daniel Allgyer is in violation of federal law.  Mr. Vonderplanitz seeks far more than a resolution of that legal issue.  He appears to want a forum in which to air his grievances about general "government intrusion" into the (largely food related) interest of "privately associated citizens" (i.e., so private as to avoid the jurisdiction of the federal government and its courts).  Mr. Vonderplanitz also appears to want to use this forum to market the benefits of raw milk and other nutritional options.

III.   Conclusion

I will deny the motion for intervention.  Mr. Vonderplanitz cannot represent the other individuals and entities because he is not a licensed attorney.  In addition, Mr. Vonderplanitz does not have a legally cognizable interest in the action sufficient to establish intervention as of right and permissive intervention will be denied because intervention would cause delay.

An appropriate order follows.

---

[5] Mr. Vonderplanitz maintains the individuals acting "in private domain, joined in [their] right to 'freedom of association' operating lawfully under the Constitution and outside of the jurisdiction and authority of state and federal governments."