IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | |
|---|---|---|
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DANIEL L. ALLGYER. | : | No. 11-02651 |
| Defendant | : | |

# M E M O R A N D U M

**Stengel, J**                                                                                       December 20, 2012

Defendant, Daniel Allgyer, brings this motion for reconsideration of my February 3, 2012, Memorandum and Order. Because I write primarily for the parties, I need only recite the facts necessary for this discussion.

### I. Background

On April 19, 2011, the United States brought this action on behalf of the Food and Drug Administration ("FDA") under the Public Health Services Act ("PHSA"), 42 U.S.C. §§ 264[1] and 271,[2] and the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. §§

---

[1] The relevant language of § 264 states:

> (a) Promulgation and enforcement by Surgeon General. The Surgeon General, with the approval of the Administrator [Secretary], is authorized to make and enforce such regulations as in his judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or possessions, or from one State or possession into any other State or possession. For purposes of carrying out and enforcing such regulations, the Surgeon General may provide for such inspection, fumigation, disinfection, sanitation, pest extermination, destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in his judgment may be necessary.

[2] § 271 of the PHSA concerns appropriate penalties for any violation of the quarantine laws.

1

331(a),[3] 343(e)(1) and (i)(1),[4] against Mr. Allgyer for the unlawful sale of unpasteurized ("raw") milk across state lines.[5] On February 3, 2012, I granted the United States Motion

---

[3] § 331 state that "[t]he following acts and the causing thereof are hereby prohibited: (a) [t]he introduction or delivery for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded."

[4] 21 U.S.C. § 343(e)(1) and (i)(1) states that:

> (e) … If in package form unless it bears a label containing (1) the name and place of business of the manufacturer, packer, or distributor; and (2) an accurate statement of the quantity of the contents in terms of weight, measure, or numerical count ….
>
> (i) … Unless its label bears (1) the common or usual name of the food, if any there be, and (2) in case it is fabricated from two or more ingredients, the common or usual name of each such ingredient and if the food purports to be a beverage containing vegetable or fruit juice, a statement with appropriate prominence on the information panel of the total percentage of such fruit or vegetable juice contained in the food; except that spices, flavorings, and colors not required to be certified under section 721(c) [21 USCS § 379e(c)][,] unless sold as spices, flavorings, or such colors, may be designated as spices, flavorings, and colorings without naming each. To the extent that compliance with the requirements of clause (2) of this paragraph is impracticable, or results in deception or unfair competition, exemptions shall be established by regulations promulgated by the Secretary

[5] Specifically, the United States alleged Mr. Allgyer engaged in, the milking, packaging, labeling, selling, and distributing of unpasteurized cow milk in interstate commerce for human consumption in violation of the PHSA and FDCA.

for Summary Judgment and issued a permanent injunction against Mr. Allgyer.[6] On March 13, 2012, Mr. Allgyer filed a Motion for Reconsideration of Order of Permanent Injunction (Doc. No. 28), to which the United States responded on April 2, 2012 (Doc. No. 29). For the reasons stated below, I will deny the motion for reconsideration.

**II.     Standard**

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a motion for reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See, Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

---

[6] The Order stated in relevant part:

> …Upon entry of this Order, Defendant, any company or assumed name through which Defendant operates, and each and all his directors, officers, agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them who receive notice of this Order are permanently restrained and enjoined from directly and/or indirectly doing or causing to be done any act that: … Violates 42 U.S.C. § 264(a) … Violates 21 U.S.C. § 331(a) …. Upon entry of this Order, Defendant shall continuously display the statement: Daniel L. Allgyer … and/or any other entity … through which Daniel L. Allgyer operates … will no longer introduce or deliver for introduction, or cause to be introduced and delivered for introduction, into interstate commerce, any unpasteurized milk or unpasteurized milk products…. Defendant shall maintain complete records of the sale and distribution of all his unpasteurized milk and unpasteurized milk products …. Defendant shall also maintain at least one copy of the following documentation with respect to his unpasteurized milk and unpasteurized milk products: a. All label(s) affixed to the products; b. All labeling affixed to shipping containers; and c. All labeling, brochures, website pages, and other materials used to promote, describe, or refer to the products. Upon request, FDA shall have immediate access to all of the records described in this paragraph…. [The] FDA may, as and when it deems necessary, inform Defendant, in writing, of his noncompliance and require Defendant to take immediate action… Defendant shall immediately and fully comply with its terms…. If Defendant violates this Order and is found in civil or criminal contempt thereof, Defendant shall, in addition to other remedies, reimburse Plaintiff….

(Doc. No. 27).

A court may not grant a motion for reconsideration when the motion simply restyles or rehashes issues previously presented. Pahler v. City of Wilkes Barre, 207 F. Supp. 2d 341, 355 (M.D. Pa. 2001). A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. Rossi v. Schlarbaum, 600 F. Supp. 2d 650, 670 (E.D. Pa. 2009).

**III. Discussion**

Mr. Allgyer argues the Injunction Order lacks clarity because it refers to Defendant, his business, and other entities through which he operates thereby violating his Constitutional Rights (Doc. No. 28 at 1). He contends the injunction is moot because Defendant has stated that he will voluntarily terminate all public sales (Doc. No. 28 at 1-2), but that he is operating in the "private domain" and his actions within that domain are not subject to regulation (Doc. No. 28 at 2-6, 13). Because the injunction subjects him to sanctions, he argues this a quasi-criminal matter, and criminal procedures with enhanced protections are necessary (Doc. No. 28 at 6-9). Mr. Allgyer goes on to argue that various government employees failed to take or file their oath of office (Doc. No. 28 at 9-11) and the FDA's actions, including failing to answer "Privacy Act Questions" and conducting administrative inspections, were unconstitutional (Doc. No. 28 at 11-12).

4

The United States contends that the motion should be denied as it is untimely, under Rules 59, 60 and Local Rule 7.1.[7] The United States argues the motion improperly raises arguments that were, or could have been, raised in response to Plaintiff's Motion for Summary Judgment,[8] and even considered on the merits, the motion should be denied because Mr. Allgyer does not demonstrate an intervening change in law, newly discovered evidence, or the need to correct an error of fact or law to prevent manifest injustice.

The majority of Mr. Allgyer's arguments in his motion for reconsideration were argued previously in his response to the United States motion for summary judgment. "A motion to reconsider judgment is not a 'means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ponisciak v. Astrue, 2012 WL 850099, at *1 (E.D. Pa. March 14, 2012) (quoting Ogden v. Keystone Residence, 226 F. Supp.2d 588, 606 (M.D. Pa 2002)).

---

[7] It is unclear under which Rule Defendant brings this motion for Reconsideration, but the United States argues that under both Local Rule 7.1 and Rule 59, the motion is time barred. A motion under Rule 59(e), which contends that the court committed legal error "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In this case, the Defendant filed the motion on March 14, 2012, forty (40) days after the deadline. Further, the Local Rules require that motions for reconsideration "be served and filed within fourteen (14) days after the entry of the judgment, order, or decree concerned." L. R. Civ. P. 7.1(g).

Although the United States contends that the motion is properly considered under either of the above Rules, because Mr. Allgyer is proceeding *pro se*, I will not simply find his motion time barred, but instead, examine the merits of his arguments under Rule 60(b). The motion would be timely under Rule 60 because they "must be filed within a reasonable time."

[8] Specifically, the argument that the Order lacks clarity could have been raised in Defendant's response to the motion for summary judgment because the Government attached a proposed order to the motion. Additionally, the argument that the injunction is unnecessary because Defendant has stated that he will voluntarily terminate all "public sales" could have been addressed well before the summary judgment stage. However, given that the reasoning below Defendant's argument suggests that he is unwilling to terminate those sales he deems "private," this argument was also raised in Defendant's response to the motion for summary judgment.

Additionally, Mr. Allgyer's motion fails to make any of the requirements of a 60(b) motion.

Defendant makes no claim of any intervening change in the law nor does he cite or allude to any change in the law. Additionally, Mr. Allgyer has not presented new evidence for reconsideration purposes. See, e.g., Howard Hess Dental Labs. v. Dentsply Intern'l., Inc., 602 F.3d 237, 251-52 (3d Cir. 2010) ("'new evidence,' . . . means evidence that a party could not earlier submit to the court because that evidence was not previously available.")

Defendant merely argues that the Court committed legal error in the Order of permanent injunction and reconsideration is required to prevent manifest injustice.[9] With regard to Mr. Allgyer's arguments previously raised in his response to Plaintiff's motion for summary judgment, I refer the parties to my ruling issued on February 3, 2012 (Doc. No. 26 at 9-11).[10]

As to the Defendant's newly raised argument, an injunction binds the parties, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B) as long as those individuals "receive actual notice of it by personal service or otherwise[.]" Fed. R. Civ. P. 65(d)(2). Additionally, Fed. R. Civ. P. 65 provides that an injunction covers affiliated individuals and entities, regardless of whether those individuals are named in the Order

---

[9] Legally, a Rule 60(b) motion may not be used to address "legal error, without more[.]" Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988)). However, I will consider the merits of Defendant's arguments.

[10] In that memorandum, I address Mr. Allgyer's arguments concerning (1) the "private domain" argument; (2) whether this is a quasi-criminal matter warranting extra protections; (3) the oaths of office; (4) whether the FDA's actions were constitutional, including its alleged failure to answer "Privacy Act Questions."

itself. See Marshak v. Treadwell, 595 F.3d 478, 486-87 (3d Cir. 2009) (holding that the permanent injunction was not only enforceable against the parties to the original proceeding, but against those companies and employees connected to the defendant that had notice and continued the prohibited action after the issuance of the injunction); Jackson v. Gordon, 474 Fed. Appx. 852, 853-854 (3d Cir. 2012) (finding that Fed. R. Civ. P. 65(d)(2) provides that injunctions bind both named parties and those related to them in certain respects, such as their officers and agents and those in privity); Jackson Hewitt Inc. v. SEMO Tax Servs., Inc., 2012 U.S. Dist. LEXIS 9463 (D.N.J. Jan. 26, 2012) (same).

Defendant primarily reargues those issues raised in his motion in opposition to the motion for summary judgment. Those arguments that are newly raised do not satisfy the requirements of a motion for reconsideration. Therefore, Defendant's motion is denied.

## IV. Conclusion

For the reasons discussed above, I will deny the Defendant's motion for reconsideration.

An appropriate Order follows.